1 F.3d 1233
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrea L. MIDDLETON, Plaintiff-Appellant,
v.
KSK COMMUNICATIONS, LIMITED, Defendant-Appellee.
 No. 92-2324.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 13, 1993.
Decided: August 16, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-395-A)
 Claudia Adeline Barber, Laurel, Maryland, for Appellant.
 Robert Ronold Sparks, Jr., Herge, Sparks & Christopher, McLean, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Andrea Middleton (Middleton) claims the decision of defendant-appellee KSK Communications (KSK) to terminate her employment was based on race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Finding no error in the district court's entry of judgment in favor of KSK, we affirm.
 
 
 2
 * In May 1987, KSK hired Middleton as a receptionist. In March 1988, Middleton was promoted to the position of Account Coordinator. On March 6, 1989, Middleton was placed on probation. On March 22, 1989, Middleton filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). On the same day, Middleton took sick leave without notifying her supervisor or anybody in authority and remained on sick leave until April 12 when KSK terminated her.
 
 
 3
 After obtaining a right to sue letter from the EEOC, Middleton filed a complaint in the United States District Court for the District of Columbia alleging race discrimination. The case was transferred to the United States District Court for the Eastern District of Virginia. The case proceeded to trial and the district court granted KSK's motion for judgment pursuant to Fed. R. Civ. P. 52(c). Middleton appeals.
 
 II
 
 4
 With respect to Middleton's discriminatory discharge claim, the district court based its decision on its conclusion that Middleton had not made out a prima facie case of race discrimination because she failed to prove that: (1) her job performance was satisfactory and (2) she was treated differently than any other employees similarly situated. With respect to Middleton's retaliatory discharge claim, the district court concluded that the evidence, as a whole, demonstrated thatMiddleton was not terminated in retaliation for her engagement in protected activity.
 
 
 5
 In race discrimination cases, the plaintiff has the initial burden of proving a prima facie case, but once plaintiff satisfies this burden, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. If defendant carries the burden, the plaintiff then has the burden of proving defendant's proffered reason was pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).
 
 
 6
 The evidence in this case demonstrates that Middleton was not discharged, in a discriminatory or retaliatory fashion, on account of her race, but rather because she took off on sick leave without ever notifying her supervisor or anyone else in authority at KSK. The reason for Middleton's termination was clearly and manifestly a legitimate and nondiscriminatory one. We glean from the record no evidence demonstrating that the reason for Middleton's termination was pretextual. Entry of judgment in favor of KSK, therefore, was justified as a matter of law.
 
 III
 
 7
 We have reviewed Middleton's additional assignments of error and find them to be without merit. Accordingly, for the reasons stated herein, the judgment of the district court is affirmed.*
 
 AFFIRMED
 
 
 *
 In light of our decision, we need not address the issue of whether the Civil Rights Act of 1991 is retroactive